AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original



FILED
CLERK, U.S. DISTRICT COURT
9/14/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
9/14/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

United States of America

v.

ABDIEL NATHAN LOPEZ,

Defendant.

Case No. 2:23-mj-04741-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 30, 2023, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g) | Felon in possession of firearm |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

  ☒ Continued on the attached sheet.

/s/ Jeremy Carlos
Complainant's signature

Jeremy Carlos, ATF TFO
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 9/14/23

Judge's signature

City and state: Los Angeles, California

Hon. Charles Eick
Printed name and title

AUSA: J'me Forrest, x0882

## AFFIDAVIT

I, Jeremy Carlos, being duly sworn, declare and state as follows:

### PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against ABDIEL NATHAN LOPEZ ("LOPEZ") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### BACKGROUND OF AFFIANT

3. I am a Deputized Task Force Officer ("TFO"), with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), currently assigned to the Los Angeles Field Office, Group 5, where I investigate cases involving the illegal use, sale, and possession of firearms, ammunition, and narcotics.

4. I have been employed by the City of Los Angeles as a Peace Officer for approximately ten and a half years. As a Police Officer and TFO, I have received training in state and

federal firearms laws, undercover operations, confidential source handling, drug identification, state and federal drug laws, and various surveillance and investigative techniques. I regularly refer to these laws and regulations during the course of my duties and have written and participated in the execution of several state and federal search and arrest warrants in violation of these laws. I have participated in undercover operations and conducted surveillance of individuals committing crimes of violence, narcotics trafficking, as well as prohibited persons in possession of firearms.

    5. During my tenure as a Peace Officer and a TFO, I have participated in the investigation, surveillance, and arrest of numerous firearms and drug traffickers. I also consult regularly with experienced investigators concerning the methods and practices of firearms and narcotics traffickers. Through my experience and training, I have become familiar with the illicit manner in which firearms are acquired and controlled substances are imported, manufactured, distributed, and sold. I have also attended courses that provided training in narcotics investigative techniques, and courses that described firearm and narcotics trafficking and distribution methods used by criminal organizations.

    6. I have become familiar with the efforts of individuals engaged in the importation, smuggling, manufacturing, distribution, and sale of firearms and controlled substances to avoid detection and apprehension by law enforcement officers.

### SUMMARY OF PROBABLE CAUSE

7. On August 30, 2023, private security officers detained LOPEZ after he attempted to steal seven keyboards from an Apple Store located in City, California. Once detained, the security officers found a loaded firearm inside of a LOPEZ's bag, namely, a Springfield Armory, XD 9mm caliber, semi-automatic handgun, bearing serial number GM845854. Los Angeles Police Department ("LAPD") officers arrived and arrested LOPEZ. The firearm and ammunition were discovered to be manufactured outside the state of California.

8. As discussed below, LOPEZ has a criminal history that includes felony convictions for vandalism and domestic violence, a misdemeanor domestic violence conviction, and multiple arrests for theft and possession of controlled substances. LOPEZ is also suspected in five additional thefts and/or robberies from Apple Stores located in and around Los Angeles.

### STATEMENT OF PROBABLE CAUSE

9. Based on my review of law enforcement reports, conversations with other law enforcement officers, and my own knowledge of the investigation, I am aware of the following:

**A. LAPD Patrol Officers Received a Radio Call of a Robbery Suspect in Custody at an Apple Store**

10. At approximately 6:55 p.m., on August 30, 2023, LAPD patrol officers responded to a radio call of a robbery suspect, later identified as LOPEZ, in custody at the Apple Store at the Westfield Topanga Mall located at 6600 Topanga Canyon Boulevard in the City of Woodland Hills, California. The comments of the

4

radio call read as follows: "SUSP M/ADULT, 30 YRS, WRG BLK SHIRT, TAN LONG SHORTS, IN CUSTODY, WAS CARRYING A LOADED FIREARM AND FENTANYL, WPN IS SECURED AND UNLOADED."

  **B. LAPD Officers meet with Loss Prevention Officers and Learn that LOPEZ was in Possession of a Handgun and Fentanyl**

  11. Based on my review of reports and from speaking with responding officers, when officers arrived at the Apple store, they met with the loss prevention officer ("LPO") who detained LOPEZ. The LPO stated the following to the officers:

    a. The LPO explained that he and the other LPOs had prior knowledge of LOPEZ due to the company's internally circulated crime bulletin that identified LOPEZ as the suspect in multiple robberies and grand thefts committed at several Apple Stores in the greater Los Angeles area. As discussed below, LOPEZ was suspected to have been involved in at least five thefts from Apple Store locations.

    b. On August 30, 2023, the LPO and other loss prevention officers saw LOPEZ enter the Apple Store, retrieve merchandise from the store's shelves, and place them into a bag that he, LOPEZ, was carrying. LOPEZ, with Apple's merchandise in his bag, then exited the store without paying for the merchandise.

    c. The LPOs, based on their training, experience, and knowledge of the investigation, believed that LOPEZ had just stolen items from the store. As a result, the LPOs detained LOPEZ pending a grand theft investigation.

d. Once detained, LOPEZ told LPOs that he had a firearm in his satchel. Additionally, LOPEZ also informed the LPOs that he had fentanyl inside his satchel.

e. During a search LOPEZ's satchel for additional stolen Apple products and to secure LOPEZ's purported firearm, the LPOs located and recovered a loaded, Springfield Armory, XD, 9mm caliber, semi-automatic handgun, bearing serial number GM845854, with a corresponding high-capacity sixteen (16) round magazine. Upon further inspection, it was discovered that the corresponding magazine was loaded with sixteen (16) rounds of 9mm caliber ammunition. The LPOs subsequently called the police.

f. Additionally, the LPOs recovered seven (7) Apple iPad keyboards from LOPEZ's bag that he had stolen. The LPOs did not retrieve the fentanyl from LOPEZ's satchel and left it for the police to seize.

C. **LOPEZ, through Spontaneous Statements and after Waiving His <u>Miranda</u> Rights, Admits to Possessing the Handgun and Ammunition**

12. Based on the information above, LAPD officers took custody of LOPEZ, the handgun, its corresponding high-capacity magazine, and ammunition from the LPOs. Additionally, the officers seized the fentanyl from LOPEZ's satchel.

13. Based on my review of reports and body worn camera footage, LOPEZ made several admissions to LAPD officers. For example, LOPEZ asked officers WHAT DID HE SPECIFICALLY SAY? Before the officers responded, LOPEZ stated, "*I did not pull*

*it."*[1]  The officers responded by stating that LOPEZ still possessed the handgun to which LOPEZ responded, *"Yeah, I know that."*  During an interview at scene, LOPEZ, after waiving his Miranda rights, admitted to possessing the handgun and ammunition.

14. LAPD officers arrested LOPEZ for a violation of California Health and Safety Code §11370.1: Possession of a Controlled Substance while Armed with a Loaded Firearm.  The officers later booked the handgun, the ammunition, the corresponding high-capacity magazine, and fentanyl[2] as evidence.

**D.  LOPEZ's Felony Criminal History**

15. I have reviewed LOPEZ's criminal history records and learned that he has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.  On or about April 14, 2015, LOPEZ was convicted of a violation of California Penal Code § 594(a): Vandalism, in the Superior Court of the State of California, County of Los Angeles, Case number XNWLA07953101; and

    b.  On or about November 14, 2017, LOPEZ was convicted of a violation of California Penal Code § 273.5(F)(1): Domestic Violence with a Prior Conviction within 7 years, in the

---

[1] Based on my training, experience, and knowledge of the investigation, I understand that "pull it" is street vernacular referring to taking out the handgun and using it during the crime.

[2] On September 1, 2023, a LAPD Forensic Science Division's Laboratory report concluded that the substance seized from LOPEZ's satchel tested positive as 0.14 net grams of fentanyl.

Superior Court of the State of California, County of Los Angeles, Case number LAVLA08639001.

16. On or about May 1, 2015, LOPEZ was also convicted of a misdemeanor for a violation of California Penal Code § 273.5(A): Domestic Violence, in the Superior Court of the State of California, County of Los Angeles, Case number LAV5PY0003701.

17. As noted in Paragraph 11(a) above, LOPEZ is suspected to have committed a number of recent robberies and thefts from Apple Stores in and around Los Angeles. Specifically, INSERT AGGREVATIG FACTS.

### E. Interstate Nexus

18. On September 7, 2023, ATF, Interstate Nexus Expert, Special Agent ("SA") Christopher Stantzos examined the firearm and ammunition seized from LOPEZ. SA Stantzos confirmed that the firearm and ammunition were manufactured outside of the State of California. Because the firearm and ammunition were found in California, I believe that they have traveled in and affected interstate commerce.

### CONCLUSION

19. For all of the reasons described above, there is probable cause to believe that LOPEZ has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this <u>14th</u> day of September 2023.

_____
CHARLES EICK
UNITED STATES MAGISTRATE JUDGE